OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Cuyahoga County Bar Association v. Stidham.
[Cite as Cuyahoga Cty. Bar Assn. v. Stidham (1994),      Ohio
St.3d      .]
Attorneys at law -- Misconduct -- Two-year suspension with
     attorney reinstated after one year and placed on probation
     for the second year with supervision -- Recurring patterns
     of neglect, failure to account and failure to properly
     maintain and deliver clients' funds -- Neglecting or
     refusing to assist in disciplinary investigation.
     (No. 93-2175 -- Submitted February 22, 1994 -- Decided
April 27, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 90-34.
     On June 26, 1990, relator, Cuyahoga County Bar
Association, filed a complaint against respondent, Ronald J.
Stidham of Cleveland, Ohio, Attorney Registration No. 0031333,
with the Board of Commissioners on Grievances and Discipline
("board").  The original complaint was subsequently amended on
November 14, 1991 and again on February 24, 1993.  A hearing on
the matter was held before a panel of the board on February 26,
1993 upon a joined stipulation of the facts, in which
respondent agreed to all the facts contained in the second
amended complaint.
     The second amended complaint alleged eight counts of
misconduct against the respondent.  Count I alleged that
respondent violated DR 9-102(A) (failing to maintain client
funds in an identifiable bank account), 9-102(B) (failing to
maintain complete records of client funds and failing to
promptly pay a client), and Gov. Bar R. V (refusing or
neglecting to assist in an investigation).  In 1987, respondent
allegedly entered into an oral contingency fee agreement to
represent Cathy Trammel.  A settlement in the amount of $3,000,
payable in installments, was reached and payment was made to
respondent.  Respondent deposited some installment checks in a
trust account, which was also his office account, and cashed
checks, but never disbursed any funds to the client and refused
any request by the client to do so.  Trammel began demanding
payment in 1988 and filed a grievance with relator in January

1989.  During relator's investigation, respondent refused to cooperate with, turn over documents to, or appear before relator's grievance committee.  In addition, during the course of the panel's hearing, it was also alleged and concluded that respondent violated DR 6-101(A)(3) (neglecting a legal matter entrusted to him).  Respondent made full restitution to Trammel after commencement of this investigation.

Count II alleged that respondent violated DR 6-101(A)(3) by allegedly failing to execute a release form from an insurance settlement involving one of his clients.  The insurance adjuster, William Lockhart, sent a settlement draft for $2,000 and a release form to respondent in January 1990.  Despite repeated requests to deliver the signed release, respondent failed to do so until January 1991, only after Lockhart had filed a grievance.  Count II further alleged that respondent failed to place the settlement funds into a separate trust account as required by DR 9-102(A).  However, this latter charge was dropped during the panel hearing.

Count III alleged that respondent violated DR 6-101(A)(3) and 9-102(B)(4) (failure to promptly turn over requested documents after being discharged by a client).  Respondent was paid $200 to prepare a purchase agreement, a mortgage deed, and a quitclaim deed for Brenda Tufts in April 1990.  The documents were executed on June 16, 1990, but a dispute arose regarding the filing of the documents and the costs involved.  Respondent never filed the documents and was discharged by letter on September 4, 1990.  Tufts requested the documents and a refund of her money, but respondent refused both requests.  Tufts then filed a grievance on September 10, 1990, and respondent has since delivered the documents, but the fee dispute is unresolved.

Count IV alleged that respondent was retained to represent Juanita Garrett in a fair housing case in September 1990.  On September 28, 1990, Garrett gave respondent a $120 money order payable to the United States Clerk of Courts.  Respondent neglected to take any action on behalf of Garrett, failed to contact or explain the situation, and did not return or account for the $120.  Therefore, the complaint charged violations of DR 6-101(A)(3) and 9-102(B)(3) (failure to render an appropriate account to a client regarding monies received).

Count V alleged that respondent was hired to represent Clyde Robinson in a civil action.  A summary judgment for the opponent was granted, and on December 17, 1990, Robinson provided respondent with a check for $105 payable to the Clerk of the United States District Court to appeal the decision.  However, a timely appeal was not filed, and the clerk received a filing fee and notice of appeal on December 26, 1990.  Respondent then discussed filing an action in state court with Robinson, but no action was ever filed, and respondent neglected to communicate with Robinson until February 11, 1993.  In addition, the complaint alleged that respondent failed to account for $4,000 in attorney fees received.  The complaint alleged violations of DR 6-101(A)(3) and 9-102(B)(3).  Furthermore, at the hearing the panel added a charge that respondent allegedly violated DR 9-102(B)(4).

Count VI alleged violations of DR 6-101(A)(3) and 9-102(B)(3).   Respondent was paid $750 by Corine Roberson and

her husband (since deceased) as a retainer in a real estate dispute and $600 to pay for a land survey. The case was dismissed upon a granting of summary judgment for the opponent, but respondent neglected to notify Roberson of the decision. Respondent agreed to return the documents, but has not.

Count VII alleged that respondent was paid $500 to represent Charles Lewis in a wrongful termination suit. Lewis attempted to contact the respondent for approximately six months but respondent neither returned the calls nor filed the lawsuit or accounted for or returned any of the attorney fees. The complaint alleged violations of DR 6-101(A)(3) and 9-102(B)(3).

Count VIII also alleged violations of DR 6-101(A)(3) and 9-102(B)(3). Respondent was retained by Shirley McElroy in January 1985 and was paid $280 to do some real estate title work. McElroy attempted unsuccessfully to contact respondent for several years and respondent neglected to contact her. In addition, respondent never produced any papers, work products, or accounting for the attorney fees.

At the hearing before the panel respondent by stipulation and testimony admitted violating all the Disciplinary Rules he was charged with in the eight counts. In addition, respondent stipulated at the panel hearing to violating Gov. Bar R. V (neglecting or refusing to assist in the investigation). The relator recommended a one-year suspension, but stated it would not object if the panel suspended the sentence as long as "conditions" (unspecified) were imposed. Respondent recommended a one-year suspension with probation imposed for that year.

The panel found respondent to have violated the aforementioned Disciplinary Rules and recommended a two-year suspension with reinstatement after one year. Respondent would then be placed on probation for the second year with "close monitoring" by the Cuyahoga County Bar Association. The board adopted the findings and recommendation of the panel and further recommended that the costs of the proceedings be taxed to respondent.

Michael E. Murman and Laurence A. Turbow, for relator.
Richard J. Stidham, pro se.

Per Curiam. We concur in the findings and recommendation of the board. Respondent is hereby suspended from the practice of law for two years; after one year, respondent, upon application, will be reinstated and placed on probation for the second year with supervision by the Cuyahoga County Bar Association to identify and prevent recurring patterns of neglect, failure to account, and failure to properly maintain and deliver clients' funds. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.